NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-747

TORRES, SCAMMON, HINCKS & DAY, LLP,

vs.

STEPHEN F. CASS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff law firm (firm) brought this action to recover legal fees from its former client, the defendant.  After a bench trial, a judge of the Superior Court found in favor of the firm.  The defendant now appeals, arguing that the judge erred in allowing the firm to recover despite alleged violations of ethical rules and improper withdrawal from representation, and that quantum meruit was not available as a remedy.  We affirm.

Background.  In 2015, the defendant reached out to his longtime friend, a lawyer, regarding potential legal issues relating to his employment.  In 2016, the defendant engaged his friend's firm to represent him in connection with a lawsuit

against his employer. The firm took the defendant's case on a contingency fee basis. After two years of litigation, the firm moved to withdraw following unsuccessful mediation. The defendant obtained successor counsel, who took the defendant's case to trial and obtained a jury verdict in his favor including $100,000 in compensatory and $150,000 in emotional distress damages. The verdict included the award of attorney's fees to the defendant. Successor counsel reached out to the firm so that both could submit their fee requests in connection with a petition on behalf of the defendant. The firm submitted a request for fees, supported by affidavit and billing records.

At a hearing concerning the attorney's fees, the judge who had presided over the jury trial asked successor counsel to adjust the fee request to remove items not fairly charged to the other party and to attempt a resolution with respect to the fees. Over the course of the next several weeks, the parties negotiated and ultimately arrived at an agreement whereby, among other things, the firm would receive $190,634 for its legal work on behalf of the defendant. Pursuant to this agreement, the defendant signed a general release and confidential settlement agreement, and the parties filed a stipulation of dismissal with prejudice. Successor counsel received payment from the other party.

Shortly thereafter, a person purporting to represent the defendant contacted the firm and asserted that the firm was not entitled to fees. The person directed successor counsel not to disburse the funds designated for the firm. Successor counsel placed the amount allocated to the firm into escrow and tendered it to the court. As a result, the firm received no payment for legal work performed on behalf of the defendant.

The firm then brought an action in Superior Court against the defendant seeking a declaration that the defendant was not entitled to any of the escrowed funds, alleging that the defendant had breached the engagement letter with the firm and had violated the covenant of good faith and fair dealing by preventing the firm from being paid for its legal services, and alternatively seeking recovery in quantum meruit. After a three-day bench trial, the judge found, on a special verdict slip, that the defendant had breached a contract with the firm, as well as his duty of good faith and fair dealing, and awarded damages in the amount of $190,634; alternatively, the judge found that the firm was entitled to damages in the same amount on a quantum meruit theory. The judge also declared that the defendant had no right to the funds held in escrow.

Discussion. On appeal, the defendant claims that the judge erred in allowing the firm to recover legal fees when the firm violated ethical rules relating to legal fees and improperly

3

withdrew from representation of the defendant.  The defendant also contends that quantum meruit recovery was unavailable because there was a governing contract in place.

Because the parties agreed to waive detailed findings of fact pursuant to Rule 20(2)(h) of the Rules of the Superior Court (2018), our review "shall be according to the standard of review that would apply to a verdict by a jury in a case tried to a jury and to the judgment entered thereon."  Rule 20(8)(b) of the Rules of the Superior Court (2018).  This means that the judgment will be upheld if "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]."  Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 814 (2020), quoting Dobos v. Driscoll, 404 Mass. 634, 656, cert. denied, 493 U.S. 850 (1989).

Here, the firm presented evidence that it had an engagement letter agreement in which it agreed to represent the defendant on a contingency fee basis.  The letter provided that, in the event of termination of representation prior to conclusion of the case, the firm could seek payment for work performed prior to termination.  The letter provided that such payment would not exceed the lesser of (i) the fair value of services rendered or (ii) the contingency fee to which the firm would have been entitled upon occurrence of the contingency.  The judge awarded

4

the firm damages in the amount of $190,634, consistent with the terms of the engagement letter agreement.[1]

The defendant's action in preventing the firm from receiving its earned fees constituted not only a breach of the agreement, but also a breach of the defendant's duty of good faith and fair dealing.  See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 434 (2018) (covenant of good faith and fair dealing provides that neither party shall do anything which will have effect of destroying or injuring right of other party to receive fruits of contract; breach occurs when one party violates reasonable expectations of other).  There was also no error in the judge's alternative finding that, even without the contract terms allowing the firm to recover after termination, the firm would still be entitled to receive payment of the fair value of its services in quantum meruit.  See Malonis v. Harrington, 442 Mass. 692, 696-697 (2004) (lawyer not entitled to recover on contingency fee contract after client terminated him retained right to be compensated for his services).

---

[1] There was evidence that the fair value of services rendered by the firm was at least $190,634.  There was also evidence that the defendant's gross recovery was $800,000, such that the thirty percent contingency fee to which the firm would have been entitled was $240,000.  The firm's recovery after termination was limited to the lesser of these amounts -- $190,634.

The defendant argues that the firm violated Mass. R. Prof. C. 1.5 (c), as amended, 480 Mass. 1315 (2018), by failing to provide an itemized statement of services rendered and expenses incurred within twenty days of the termination of representation.  The firm concedes that it failed to provide such a statement, but argues that it was not required to do so.  The firm contends that its engagement letter agreement with the defendant was drawn from the Rule's model "Contingent Fee Agreement, Form A," such that the requirement of the statement was obviated.  See Mass. R. Prof. C. 1.5 (f) (1), (2) (model agreements satisfy requirements of Rule 1.5 [c]; lawyer who uses Form A "does not need to provide any additional explanation to a client beyond that otherwise required by this rule").

Whether or not ethical rules required the firm to provide the statement within twenty days of termination, the defendant has not shown that a misstep in complying with this rule, in the circumstances of this case, results in negation of the firm's contractual right to be paid.  See Sunrise Equip. & Excavation, Inc. v. Construction Mgt. & Bldrs., Inc., 104 Mass. App. Ct. 669, 678-679 (2024) (looking to purpose of rule to determine whether violation requires nullification of agreement).  Here, the firm never sought to recover its fees from the defendant himself.  It only submitted its requested fees to the court after the defendant was awarded attorney's fees, to be paid by

6

the other party; further, there was never an issue as to the reasonableness of the fees charged by the firm. Clients may not rely on violation of an ethical rule to absolve themselves of a contractual obligation to pay legal fees where the rule was not intended to protect clients in their position. See Saggese v. Kelley, 445 Mass. 434, 440-441 (2005).[2]

The defendant further contends that the judge erred in allowing the firm to recover legal fees because it had improperly withdrawn from representation. See Bank of Am., N.A. v. Prestige Imports, Inc., 89 Mass. App. Ct. 741, 748-749 (2016) (right to recover fees may be forfeited due to wrongful withdrawal from case). Far from showing any impropriety, the evidence at trial showed that the firm had sought to withdraw due to a conflict of interest that arose during mediation of the case, that the firm consulted with the Board of Bar Overseers regarding the matter, and that the firm concluded that it was ethically obligated to withdraw; further, the judge in the underlying action agreed and allowed it to withdraw. Thus, the evidence allowed the judge to conclude that the firm did not

---

[2] The defendant also argues that the firm's failure to provide a written statement, along with its discussions regarding an attorney's lien, led to confusion and ambiguity and put him at risk of paying "two full contingencies." Yet, there was no attorney's lien or contingency fee actually in play in this case.

7

wrongfully withdraw from the case and therefore did not forfeit its right to recover fees.

The judge's finding in favor of the firm on special verdict slip is supported by the record.

<u>Judgment affirmed</u>.

By the Court (Singh, D'Angelo & Hodgens, JJ.[3]),

Paul Little

Clerk

Entered: August 20, 2025.

---

[3] The panelists are listed in order of seniority.